IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALAN AND JULIE DAVIS,<br>    *Plaintiffs*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:24-cv-1598<br>NOTICE OF REMOVAL |
| MTR TREATMENT CORP. AND<br>DUILIO AND INES TANI,<br>    *Defendants*. | §<br>§<br>§ | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. 28 U.S.C. § 1331, Defendants MTR Treatment Corporation ("MTR") and Duilio and Ines Tani ("Mr. and Mrs. Tani") (MTR and Mr. and Mrs. Tani are collectively, "Defendants") hereby remove this action from the 472nd Judicial District Court of Brazos County, Texas, to the United States District Court for the Southern District of Texas. Defendants have consented to this removal. In support of this Notice of Removal, Defendants would show as follows:

### I. STATEMENT OF THE CASE

1. On March 21, 2024, Alan and Julie Davis ("Plaintiffs") initiated a lawsuit against Defendants in the 472nd Judicial District Court of Brazos County, Texas, Cause No. 24-000819-CV-472, asserting claims under Texas law for declaratory judgment, common law nuisance, and injunctive relief (the "State Court Action"). No executed service of process exists in the State Court Action as personal service of process was waived by counsel for Defendants.

### II. EXHIBITS

Exhibit A: Plaintiffs' Original Petition in the State Court Action

Exhibit B: Plaintiffs' First Amended Petition in the State Court Action

Exhibit C: Index and list of counsel of record

### III.   ARGUMENT AND AUTHORITIES

*A. Federal Question Jurisdiction under 28 U.S.C. § 1331*

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiffs' claims involve a federal question.

3. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction to hear claims based in diversity of citizenship or claims that involve a federal question pursuant to § 1331 that arise "under the Constitution, laws, or treaties of the United States." The determination of whether a substantial federal question exists in a case is determined by the well-pleaded complaint rule. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

4. The Fifth Circuit has developed a four-part test to determine if federal question jurisdiction exists in such circumstances. Federal-question jurisdiction may exist where "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

5. Here, Plaintiffs themselves raise an issue under the FHA. Ex. A at Sec. IX; Ex. B at Sec. VII. Plaintiffs filed their First Amended Petition after being informed that Defendants

intended to remove this matter to federal court, wherein Plaintiffs attempt to avoid the application of the FHA to the dispute at hand while simultaneously still seeking to violate its provisions through other means. However, the issue remains raised in the First Amended Petition, and the FHA's application to the set of facts at issue cannot be ignored. Ex. B at Sec. VII.

6. This raises a federal question subject to jurisdiction in this Court. Resolving the applicability of the FHA to Plaintiffs' claims is necessary for the resolution of the applicability of deed restrictions to Defendants' home. It is clear from Plaintiffs' pleading that this issue is disputed and substantial, and, in fact, this very issue was considered by the Western District of Texas and the Fifth Circuit recently. *Harmony Haus Westlake, LLC v. Parkstone Prop. Owners Assoc., Inc.*, 468 F.Supp.3d 800 (W.D. Tex. 2020); *Harmony Haus Westlake, L.L.C. v. Parkstone Prop. Owners Assoc.*, 851 Fed. Appx. 461 (5th Cir. 2021). Finally, conferring federal jurisdiction will not disturb the balance of federal and state judicial responsibilities here, especially given that this case is being timely removed and all actors are on notice of the federal issues at play in this lawsuit. Accordingly, removal is proper here.

### B. *All procedural requirements for removal have been satisfied.*

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, orders, and documents from the State Court action which have been served upon Defendants are filed contemporaneously with this Notice of Removal.

8. This Notice of Removal has been filed within thirty (30) days of the date the earliest of Defendants was served with the petition in the State Court Action setting forth the claim for relief upon which this matter is based. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441 (a) and 1446(a) because the United States District Court for the Southern District of Texas is the federal judicial district embracing the Judicial District Court for Brazos County, Texas, where the State Court Action was originally filed.

## IV.    CONCLUSION

By this Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction, or venue, or any other defenses or objections they may have to this action. Defendants intend no admission of fact, law, or liability by this Notice and expressly reserve all defenses, motions, and/or pleas.

Defendants respectfully request that the Court permit removal of all Plaintiffs' claims against Defendants to the United States District Court for the Southern District of Texas.

Dated: April 29, 2024                    Respectfully submitted,

> HOLT & HUTCHINS, PLLC
> 100 N. Parker Avenue, Ste. 112
> Bryan, Texas 77803
> Tel:    (979) 213-4761
> Fax:    (979) 282-5461
>
> By: */s/ Padon D. Holt*
> Padon D. Holt
> Texas Bar No. 24097862
> padon@holthutchins.com
> Cheyenne J. Pate
> Texas Bar No. 24093763
> cheyenne@holthutchins.com
>
> **ATTORNEYS FOR DEFENDANTS**
> *MTR Treatment Corporation, Duilio and Ines Tani*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 29, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel and parties of record in this matter.

                                */s/ Padon D. Holt*
                                Padon D. Holt