# EXHIBIT A

Received & Filed 3/21/2024 11:04 AM
Gabriel Garcia, District Clerk
Brazos County, Texas
AALIYAH BEARD
Envelope# - 85801705

CAUSE NO. 24-000819-CV-472 _____

| | | |
|---|---|---|
| ALAN AND JULIE DAVIS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| MTR TREATMENT CORPORATION | § | |
| and DUILIO and INES TANI | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ALAN DAVIS (SSN: xxx-xx-x202 and Driver's License xxxx2338) and JULIE DAVIS (SSN: xxx-xx-x336 and Driver's License xxxx1632) (herein "DAVIS"), Plaintiffs' and files this their Original Petition complaining of MTR TREATMENT CORPORATION (herein "MTR") and DUILIO TANI and INES TANI whose social security numbers and driver's license numbers are unknown (herein "TANI"), Defendants. In support of such cause of action, DAVIS would show the Court the following:

I.

### DISCOVERY

Davis plead that discovery should be conducted in accordance with a tailored discovery control plan under Texas Rules of Civil Procedure Rule 190.4.

II.

### PARTIES

JULIE AND ALAN DAVIS are the owners of a single family residence located at 13470 Alacia Court, College Station, Texas 77845 which is in the Willow Run Subdivision, Phase 3B, Brazos County, Texas (herein "DAVIS' HOME).

DUILIO AND INES TANI are the owners of a single family residence located at 13432 Alacia Court, College Station Texas in Willow Run Subdivision, Brazos County, Texas (herein TANIS' HOME) who reside out of the country. The TANIS' may be served with citation by certified mail at the address of the TANIS' HOME 13432 Alacia Court, Brazos County, College Station, Texas 77845.

MTR is a Texas For Profit Corporation which is the tenant of TANI at the TANIS' HOME. MTA may be served with citation by serving its registered agent for service, Andrew Stevens at 6267 Mercedes Avenue, Dallas, Dallas County, Texas 75214.

III.

## AMOUNT IN CONTROVERSY

DAVIS is seeking monetary relief of $250,000, but not more than $1,000,000.00 and non-monetary relief of injunction.

IV.

## JURISDICTION AND VENUE

The amount in controversy exceeds the minimum jurisdiction of this Court and maximum jurisdiction of Brazos County Court at Law.

Venue is proper in Brazos County as all or substantial part of the events giving raise to the claims occurred in Brazos County and the claim arises from restrictive covenants of real property in Brazos County.

V.

## RESTRICTIVE COVENANTS

Wellborn Road Limited as the owner and developer of Willow Run Subdivision, Phase 3A and 3B (herein "SUBDIVISION") filed of record on December 5, 2020 Declarations of Covenants, Conditions and Restrictions for the Subdivision (herein "RESTRICTIVE COVENANTS"). For the "purpose of creating and carrying our uniform plan for parceling and sale of the subdivision as a district set aside for residential homes and certain other uses accessory thereto", the developer had recorded the Restrictive Covenants on lots in Willow Run Subdivision Phase 3B where the DAVIS HOME and TANI HOME'S are located. Among the restrictions such lot would construct improvements to be used as "only single family dwelling" which are non-commercial.

Other Restrictions included under General Restrictions:

"1.    No noxious or offensive trade shall be carried on or upon any parcel nor shall anything be done which may be or become any annoyance or nuisance to the subdivision."

"4.    No act may be performed which is likely to pollute the air or water in any part of the subdivision, nor may any property owner violate, any ordinance designated to eliminate pollution at that time in force whether it be State, County of (Sic) City."

Amendments to the Restrictive Covenant do not impact the violations asserted in this Petition.

VII.

## LEASE OF TANIS' HOME

TANI leased their home to MTR which has operated it as an addiction rehabilitation center for years. Davis cannot determine how may patients and staff currently reside in the TANIS' HOME pursuant to the lease. However, based on the observable negative impact by the number of occupants, DAVIS would allege that the 3000 square foot house on a septic system for a single-family residence is overpopulated and MTA_has understaffed the rehabilitation facility which results in an annoyance and nuisance to the entire neighborhood.

VIII.

## VIOLATIONS OF RESTRICTIVE COVENANTS

The commercial use of the single-family residence is clearly a violation of the uniform plan for the Subdivision to be only single-family residences. The manner in which MTR operates the commercial business in the Tanis' home is also a violation of the other RESTRICTIVE COVENANTS in paragraph V. above.

IX.

## DEFENSE UNDER FHA

MTR through its attorney has asserted an exception or immunity under the Fair Housing Act ("FHA") maintaining that recovering addicts are disabled under ADA and Title VII OF Civil Rights Acts. Relying on one Federal case, MTR maintains that all of the Restrictive Covenants can not be enforced by injunction pursuant to Texas Property Code and the continued operation by MTR in the Tanis' home is immune from enforcement of the Restrictive Covenants.

X.

## REASONABLE AND NECESSARY ACCOMMODATIONS

Assuming that the Court determines that the FHA provides a defensive exception or exemption from the RESTRICTIVE COVENANTS of only single-family residential purposes, there is a justiciable issue under the FHA as to what is a reasonable and

necessary accommodation by subdivision owners such as DAVIS in order, for the disabled patients to receive this exception, exemption, or immunity under FHA. The federal opinions relied on by MTR addresses this issue of necessary and reasonable accommodations, specifically the number of occupants which must be resolved by the Court.

## XI.

## DECLARATORY JUDGEMENT

DAVIS brings a cause of action pursuant to the Declaratory Judgment Act, Chapter 37 of the Texas Civil Practice Remedies Code to determine the reasonable and necessary accommodations in order for MTR continue to operate in the subdivision in the TANIS' HOME to including such determination as:

1. the total number occupants in the TANIS' HOME;
2. the ratio of staff to patients; and
3. any other alteration to prevent the operation from violating the other RESTRICTIVE COVENANTS which are enforceable against MTA and TANI.

## XII.

## COMMON LAW NUISANCE

MTR'S operation in the Subdivision has created and will continue to create a nuisance which unless enjoined has cause and will continue to cause a diminution of the value of the DAVIS' HOME and interfere with their enjoyment of their property.

## XIII.

## INJUNCTIVE RELIEF

DAVIS' will seek a temporary injunction after discovery and permanent injunction from the Court on the continued operation of MTR at the TANIS' HOME if the FHA does not provide as exception or immunity from the enforcement of the RESTRICTIVE COVENANT. Alternatively, DAVIS' will seek a temporary injunction and permanent injunction to enforce the reasonable and necessary accommodations under the FHA in order for the staff and patients to reside in the TANIS' HOME. In the event the Court determines the MTA operation is a common law nuisance, DAVIS' will seek a permanent injunction to abate the nuisance.

XIV.

MONETARY RELIEF

In the event the Court determines that MTR's operation is a nuisance, DAVIS' seek recovery of all monetary damages resulting from or proximate caused by MTR's operation, including the diminution in the vale of the DAVIS' HOME.

XV.

ATTORNEY'S FEES

Pursuant to the Texas Property Code and Chapter 37 of the Texas Civil Practice and Remedies Code, DAVIS' is entitled to recovering reasonable and necessary attorney's fees in this suit.

WHEREFORE, PLAINTIFFS' pray that Defendants be cited to appear and answer and after hearing that Court grants such temporary injunction during the pendency of this suit and permanent injunction as determined to be proper and necessary; that Plaintiffs recover damages from Defendants and reasonable and necessary attorney's fees and such other and further relief as the Court determines just and proper.

Respectfully submitted,
DAVIS & DAVIS
2900 Trophy Drive
P. O. Box 3610
Bryan, Texas 77805-3610
Telephone: (979) 776-9551
Facsimile: (979) 776-2712
ATTORNEYS FOR PLAINTIFFS

*William Steven Steele*

By:_____
WILLIAM STEVEN STEELE
State Bar No. 19104700
ssteele@davisdavislaw.com