United States District Court
Southern District of Texas
**ENTERED**
July 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALAN DAVIS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-01598 |
| | § | |
| DUILIO TANI, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

### I.

Before the Court is the plaintiffs', Alan and Julie Davis, motion to remand [DE 2] this case to the 472nd Judicial District Court of Brazos County, Texas. Also before the Court is the defendants', MTR Treatment Corporation and Duilio and Ines Tani, response [DE 5] and the plaintiffs' reply [DE 6]. The Court has reviewed the plaintiffs' pleadings, the removal notice, and the arguments of counsel and determines that the plaintiffs' motion to remand this case should be granted.

### II.

The plaintiffs filed this suit in state court on or about March 21, 2024. The plaintiffs amended their original petition on April 24, 2024. Between the two dates, the defendants' and plaintiffs' counsel appears to have conferred and counsel for the defendants agreed to accept service of process for his clients. However, after the Amended Petition was filed, the defendants caused the case to be removed to federal court on April 29, 2024. According to the defendants

they received service of the plaintiffs' lawsuit on April 3, 2024. In their removal papers, the defendants assert federal question jurisdiction.

### III.

The plaintiffs, in their motion to remand the case, as argued in their motion and reply, asserts that the defendants failed to timely remove the case pursuant to 28 U.S.C. § 1446(b)(1), and have failed to establish that federal question jurisdiction exists under 28 U.S.C. § 1331. Hence, the plaintiffs argue that they have asserted only state law claims; therefore, the case must be remanded.

The defendants assert that their notice to remove the case was timely pursuant to § 1446(b)(1) and, therefore, the plaintiffs' untimely removal argument regarding the defendants' notice of removal, fails. The defendants also assert the plaintiffs' amended pleading " . . . implicates questions of federal law and the plaintiffs requested recovery requires a determination under the Fair Housing Act. Therefore, the defendants argue the plaintiffs' motion to remand this case should be denied.

### IV.

The applicable removal statute provides two grounds for remand: a defect in the removal procedure; and, lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127 (1995). Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action only if the action is one over which the federal court has original jurisdiction.

After a review of the papers on file, the Court determines that the plaintiffs' argument that the defendants' removal is based on a procedural defect fails. The defendants timely removed the case. The record shows that the defendants were served on April 2 or 3, and gave notice of removal

on April 29, 2024. This notice was timely and plaintiffs' claim; hence, this basis for remand is denied.

The plaintiffs also assert that their suit is based in tort and arises out of the restriction in the "Restructure Covenant" portion for Declarations of Covenants, Conditions and Restrictions for the Subdivision. These restrictions are filed in the Subdivision records of Brazos County, Texas. In this regard, the plaintiffs state that the defendants are in violation of certain restrictions, *i.e.,* single family dwelling which the plaintiffs are not pursuing against the defendants. However, the plaintiffs seek relief under Covenants One (1) and Four (4) in that the residence is overpopulated, has an inadequate sewer disposal system in place for the number of residents, and thereby has become a nuisance to the plaintiffs and the neighborhood. As well, argues the plaintiffs they have suffered a diminution in the value of their property.

The defendants concedes that the "face" of the plaintiff's pleadings "does not raise a federal question." However, the defendants argue that the plaintiffs' pleadings "implicate a federal question and, therefore, meet the four-parts test of *Singh v. Duane Morris LLP* because the "applicability of the Fair Housing Act to [the] plaintiffs' claims are necessary for the resolution of the applicability of the deed restriction to the defendants' home." The Court disagrees.

## V.

Federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States "or involve matters where the amount in controversy, based on diversity of citizenship, exceeds $75,000. 28 U.S.C. § 1331, 1332. The "arise under" test means that a federal question is an ingredient of the action or the action involves a disputed question of federal law. *See Carpenter v. Wichita Falls Ind. Sch. Dist.*, 44 F.3d 362,

360 (5th Cir. 1995)(citing *Franchise Tax Board*, 463 U.S. at 12 (1983)). Neither of these concerns are present here.

In the case at bar, the state trial court is fully capable of addressing the plaintiffs' state law tort issues, without resorting to the Fair Housing Act. And, the Court is equally capable of accepting arguments or defensive claims from the defendants to the extent necessary, even if they are Fair Housing Act defenses, in order to resolve the plaintiffs' state law issues. There is no evidence proffered by the defendant that significant federal law questions are or will be raised that override the plaintiffs' asserted state law claims. *See Grable & Sons, Metal Products, Inc. v. Darue Eng. & Mfg.,* 545 U.S. 308, 312 (2005). It appears to the Court that among the issues raised by the plaintiffs are claims of covenant violations that may not implicate federal law.

It is, therefore, Ordered that the plaintiffs' motion to remand is GRANTED; the case is remanded to the 472nd Judicial District Court of Brazos County, Texas pursuant to 28 U.S.C. § 1447(c).

It is so ORDERED.

SIGNED on July 15, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge